**GRANT; and Opinion Filed July 18, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00706-CV

### IN RE ROBERT LOUIS CHUBB, Relator

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-368-W-304**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Fillmore

Relator filed this petition for writ of mandamus challenging the trial court's denial of his motion to transfer a suit affecting the parent-child relationship (SAPCR) to Van Zandt County. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

In February 2013, relator brought a petition to modify the parent-child relationship in Dallas County, in the trial court having continuing and exclusive jurisdiction of the SAPCR. Relator then filed a motion to transfer the suit to Van Zandt County on the ground that the child in question had resided in that county for more than six months prior to the filing of the motion to modify. The trial court held a hearing and denied the motion to transfer.

The family code provides:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM. CODE ANN. § 155.201(b) (West 2008). Relator filed a timely motion to transfer this case to Van Zandt County. At this point, the burden shifted to real parties in interest to contest the transfer:

> (c) If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.
>
> (d) On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

TEX. FAM. CODE ANN. § 155.204 (c) & (d) (West 2008). No controverting affidavit was filed; yet, the trial court held a hearing and denied the motion to transfer. By the plain language of the statute, this ruling was an abuse of discretion.

The attorney ad litem argues in response to the petition for writ of mandamus that the underlying case was not brought as a SAPCR, making § 155.201 inapplicable. However, the original petition brought by the Dallas County Child Protective Services Unit is titled, "Original Petition for Temporary Managing Conservatorship, for Permanent Managing Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship." The order of the trial court challenged by relator's petition for modification is titled, "Order in Suit Affecting Parent-Child Relationship." We conclude that § 155.201 is applicable to this case.

Because the trial court abused its discretion in refusing to transfer the case and that error cannot be remedied by appeal, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 26, 2013 "Order Denying Motion to Transfer" and to render an order granting the motion to transfer the case to Van Zandt County.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

130706F.P05